IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**,

Plaintiff,

v.

**RAIMUNDO ROMAN-BENJAMIN,**

Defendant.

Magistrate No. 24-822 (HRV)

### ORDER

A criminal complaint has been filed charging defendant with conspiracy to possess with intent to distribute, and possession with intent to distribute five (5) kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1) and 846. (Docket No. 1). The defendant appeared today before me for a detention hearing. The government moved for detention pending trial arguing that the defendant represents both a risk of flight and a danger to the community. The defense filed a motion requesting bail (Docket No. 10) advancing some of its contentions in support of release and attaching evidence in the form of letters from members of the community. The defense requests release on an unsecured bond, and offered a third-party custodian, as well as other conditions of release. The United States Probation Office is recommending release. (Docket No. 11).

Under the Bail Reform Act, and given the charges brought against the defendant under the complaint, there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the [defendant] and the safety of

1

the community." 18 U.S.C. § 3142(e)(3)(A); *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991).   After carefully considering the arguments of the parties, I find that the defense has presented sufficient evidence to meet its burden of production to rebut the presumption of risk of flight and danger to the community. *See United States v. Rivera-Newton*, 215 F.3d 1313 (1st Cir. 2000)(finding that defendant met burden of rebutting presumption by producing evidence of family and business ties to Puerto Rico and his lack of criminal history). Among others, the defendant is a lifelong resident of his community, has strong family and community ties, and no prior criminal record, and no history of violence in his past or as part of the nature of the offense.  Though the presumption is rebutted, and the burden of persuasion is shifted back to the government, it does not completely disappear; I still must keep it in mind as part of the balancing of relevant factors. *See United States v. Jessup*, 757 F.2d 378, 389 (1st Cir. 1985).

The standard of proof for dangerousness is clear and convincing evidence, 18 U.S.C. § 3142(f), which is "more than a preponderance of the evidence but less than beyond reasonable doubt." *United States v. Acevedo-Ramos*, 600 F. Supp. 501, 509 (D.P.R. 1984)(citation omitted).  The standard of proof for detention on risk of flight grounds is preponderance of the evidence. *United States v. Patriarca*, 948 F.2d 789, 793 (1st Cir. 1991). I find that the government has not met its burden as to dangerousness. Certainly not by clear and convincing evidence.   There is no indication in this case that the defendant has engaged in acts of violence, possession of weapons, or anything of the sort.  The proffered letters by members of his community suggest that he is not a threat to the safety of others.   As to risk of flight, I must conclude that there are factors in this

case that raise concerns, such as the nature of the charges, the weight of the evidence[1], the sentencing exposure of the defendant and the fact that there is an allegation that he tried to evade law enforcement. However, after balancing the factors at 18 U.S.C. § 3142(g), I find that there is a combination of conditions of release that can be imposed to mitigate any risk of non-appearance.

Bail is set at $20,000.00 unsecured. The defendant will be placed on home detention with electronic monitoring. Additional conditions include a third party custodian—his wife Tina Marie Santos-William—to be approved by the U.S. Probation Office, drug testing, surrender of U.S. Passport and any active boat captain license, plus standard conditions of release.

IT IS SO ORDERED.

In San Juan, Puerto Rico this 10th day of September, 2024.

*s/Héctor L. Ramos-Vega*
Héctor L. Ramos-Vega
United States Magistrate Judge

---

[1] The defense challenges the weight of the evidence by raising legal arguments that may go the legality of the defendant's original detention as well as the voluntariness of his confession. I am not persuaded by these arguments. I must accept the facts as proffered by the government and as outlined in the criminal complaint. Any challenge to the lawfulness of the detention or confession is a matter for another day.